UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GEROME SMITH, <br>     No. 249561, | ) <br> ) <br> ) | |
|     Petitioner, | ) <br> ) | |
| v. | ) <br> ) | No. 3:02-cv-00242 <br> Judge Campbell |
| FRED RANEY, Warden, | ) <br> ) | |
|     Respondent. | ) | |

**M E M O R A N D U M**

Petitioner Gerome Smith is a Tennessee prisoner currently serving a life sentence for the offense of first-degree murder. Pending before the court is a *pro se* motion filed by the petitioner titled "Re-Open Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (Docket No. 25), which the court construes as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Respondent Fred Raney opposes the petitioner's motion. (Docket No. 43). The petitioner also has filed a motion to appoint counsel. (Docket No. 42).

**I.    Procedural History**

In 1996, a Sumner County, Tennessee jury found Gerome Smith guilty of first-degree murder, and the trial court sentenced Smith to life in prison. *State v. Smith,* No. 01C01-9610-CR-00421, 1998 Tenn. Crim. App. LEXIS 24 (Tenn. Crim. App. Jan. 7, 1998). On January 7, 1998, the Tennessee Court of Criminal Appeals affirmed the trial court's judgment and the petitioner's conviction. *Id.* at *1. The petitioner did not pursue discretionary review from the Tennessee Supreme Court on direct appeal.

On March 30, 1998, the petitioner filed a timely petition for post-conviction relief in the Sumner County Criminal Court. *Smith v. State,* No. M1999-02511-CCA-R3-PC, 2000 Tenn. Crim.

App. LEXIS 676 (Tenn. Crim. App. Aug. 31, 2000). The post-conviction court granted the petitioner sixty days in which to file a delayed direct appeal to the Tennessee Supreme Court but otherwise denied relief. *Id*. at *1. The Tennessee Supreme Court subsequently denied review of the direct appeal proceedings, and the Tennessee Court of Criminal Appeals affirmed the dismissal of the petitioner's post-conviction action. *Id.* at **1-2. The Tennessee Supreme Court also denied review of the post-conviction proceedings. *Smith v. State*, No. M2007-01859-SC-S10-PC, 2007 Tenn. LEXIS 1067 (Tenn. Nov. 19, 2007).

In May 2008, the petitioner filed for a writ of error coram nobis in the Sumner County Criminal Court. *State v. Smith,* M2009-01144-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 714 (Tenn. Crim. App. Aug. 31, 2010). The petitioner alleged the existence of newly discovered evidence "that was never presented to the [trial] courts by his Attorney." *Id.* at *3. This evidence consisted of police reports, which allegedly demonstrated a violation of the petitioner's right against self-incrimination. *Id*. The coram nobis court deemed the claim time-barred by the applicable one-year statute of limitations, and the Tennessee Court of Criminal Appeals affirmed on August 31, 2010. *Id.* at *1. The Tennessee Supreme Court denied discretionary review on January 13, 2011. *State v. Smith,* No. M2009-01144-SC-R11-CD, 2011 Tenn. LEXIS 55 (Tenn. Jan. 13, 2011).

On March 8, 2002, Smith filed a *pro se* federal habeas corpus petition, contending that his trial and appellate counsel rendered ineffective assistance. (Docket No. 1). The court denied the petition and declined to issue a certificate of appealability, concluding that Smith's claims were procedurally defaulted or lacked merit. (Docket Nos. 5 and 6). The Sixth Circuit also declined to issue a certificate of appealability. *In re Smith,* No. 02-5692 (6th Cir. Feb. 4, 2003). The petitioner filed an application to pursue a successive habeas petition, which the Sixth Circuit also denied. *In*

*re Smith,* No. 13-5151 (6th Cir. Aug. 29, 2013).

On April 11, 2014, Smith moved the district court to reopen his habeas proceedings, arguing that, under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), he could establish cause to excuse the procedural default of his habeas claims based on the ineffectiveness of his post-conviction counsel. (Docket No. 25). The court construed Smith's motion as a second or successive habeas petition and transferred it to the Sixth Circuit Court of Appeals for a determination of whether Smith was authorized to proceed. (Docket No. 28).

By order entered on August 11, 2015, the Sixth Circuit found that Smith's motion to reopen is a Rule 60(b) motion that does not "attack[] the federal court's previous resolution of a claim on the merits" because the motion challenges the district court's previous ruling that Smith could not establish cause and prejudice to excuse the procedural default of several of his habeas claims. (Docket No. 38). Smith's motion was remanded to the district court for further proceedings consistent with the court's order. (*Id.*)

In light of the remand, the court ordered the respondent to file a response to the petitioner's motion to reopen his habeas proceedings. (Docket No. 39).

## II. The Present Motion

In his Rule 60(b) motion, Smith moves the court to reopen his habeas proceedings, contending that, the change in law announced by the Supreme Court in *Martinez v. Ryan*, 132 S. Ct. 1390 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), constitutes extraordinary circumstances to grant him relief from judgment and excuses the procedural default of his habeas claims based on the ineffectiveness of his post-conviction counsel. (Docket No. 25). The respondent opposes the Rule 60(b) motion, contending that the petitioner's ineffective assistance claims are excluded from

3

the purview of *Martinez* because the petitioner raised those claims during initial-review collateral proceedings and, moreover, the petitioner has not demonstrated "extraordinary circumstances" justifying relief on his Rule 60(b) motion. (Docket No. 43).

## III. Analysis

Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; (6) the judgment is based on an earlier judgment that has been reversed or vacated; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

None of the enumerated grounds for relief under Rule 60(b)(1)-(5) apply in this case, so Smith must rely for relief upon Rule 60(b)(6). Rule 60(b)(6) is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b). *McGuire v. Warden*, 738 F.3d 741, 750 (6th Cir. 2013). Rule 60(b)(6) only applies in exceptional or extraordinary circumstances where principles of equity mandate relief. *Id.* It is "well established that a change in decisional law is usually not, by itself, an extraordinary circumstance meriting Rule 60(b)(6) relief." *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007). "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Blue Diamond Coal v. Trustees of United Mine Workers,* 249 F.3d 519, 529 (6th Cir. 2001)*; see also*

4

*Thompson v. Bell,* 580 F.3d 423, 442 (6th Cir. 2009). A district court's discretion in deciding a Rule 60(b)(6) motion is especially broad due to the underlying equitable principles involved. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

In the present case, the petitioner's Rule 60(b) motion challenges the court's previous ruling that Smith could not establish cause and prejudice to excuse the procedural default of several of his habeas claims. *Martinez,* decided after the court's 2002 decision in this case, created a new basis for establishing "cause" to excuse a procedural default. 132 S. Ct. at 1318. Previously, habeas petitioners had been unable to claim ineffective assistance of counsel in collateral proceedings as a basis for excusing a defaulted claim. *See Coleman v. Thompson*, 501 U.S. 722, 756–57, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). *Martinez* carved out "a narrow exception" to that general rule by holding that "ineffective assistance of counsel at initial-review collateral proceedings" could establish "cause" to excuse a prisoner's procedural default. 132 S. Ct. at 1315. However, the *Martinez* exception does not "concern attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings." *Id.* at 1320. *See Fowler v. Donahue,* 2014 WL 4829050, at *5 (E.D. Tenn. Sept. 29, 2014 )(citing *Martinez* at 1319)(emphasis added) ("The Supreme Court in *Martinez* thus crafted a narrow exception to *Coleman*: '*Coleman* held that an attorney's negligence in a post-conviction proceeding does not establish cause, and this remains true *except* as to initial-review collateral proceedings for claims of ineffective assistance of counsel *at trial*.'").

Here, the previously-determined to be procedurally defaulted federal habeas claims are that Smith's trial attorney provided ineffective assistance of counsel because he (1) spent less than forty hours preparing for trial; (2) neglected to visit the crime scene; (3) failed to formulate a defense

5

strategy prior to trial; and (4) failed to inform the petitioner of a plea offer made to him by the prosecution. (Docket No. 9 at p. 3).

As to the petitioner's federal habeas claim that trial counsel spent less than forty hours preparing for trial, the petitioner asserted in his post-conviction pleadings that trial counsel "failed to develop, or assist in petitioner developing a defense" and failed to "conduct any investigation into the case." (Notice of Filing, Petition at 2 ¶ 8(a),(d)). During the post-conviction hearing, the petitioner specifically challenged the number of hours counsel dedicated to the preparation of the case, and counsel testified that his preparation time "would have easily been 20, 30, 40 hours." (Notice of Filing, Post Conviction (PC) Transcript, at 23). The post-conviction court considered the petitioner's argument, as well as counsel's testimony, and denied relief. (Notice of Filing, PC Order, at 10).

As to the petitioner's claims that trial counsel neglected to visit the crime scene and failed to formulate a defense strategy prior to trial, although these precise allegations were not raised in the petitioner's initial-review collateral pleadings, Smith's post-conviction pleadings asserted that trial counsel "failed to develop, or assist in petitioner developing a defense" and failed to "conduct any investigation into the case." (Notice of Filing, Petition, at 2 ¶ 8(a),(d)). After considering these challenges to counsel's preparation, the post-conviction court denied relief. (Notice of Filing, PC Order, at 10). The post-conviction court specifically referenced the "full and complete hearing on all allegations." (Notice of Filing, PC Order, at 10).

Finally, as to the petitioner's claim that trial counsel failed to inform the petitioner of a plea offer made to him by the prosecution, the petitioner's post-conviction petition specifically challenged counsel's failure to "provide [him] with any information prior to trial as to allow petitioner to make

rational informed decisions." (Notice of Filing, Petition, at 3 ¶ 8(h)). During the post-conviction hearing, the petitioner vigorously challenged counsel about an alleged failure to convey a plea offer. (Notice of Filing, PC Transcript, at 27-29). Counsel repeatedly testified that he conveyed offers, stating, "Whatever offers General Haas indicated to me, I'm sure I discussed that with [petitioner]." (Notice of Filing, PC Transcript, at 28). In its order denying the petition, the post-conviction court specifically referenced the petitioner's allegation that counsel "failed to inform [petitioner] of a plea offer" and found no merit in the allegation. (Notice of Filing, PC Order, at 10).

The record reflects that the petitioner raised the four ineffective assistance of counsel claims in his post-conviction petition either specifically or generally, and the post-conviction court rejected the claims. However, on appeal of the denial of the post-conviction petition, these claims were not raised. Thus, the claims are considered to be exhausted (because no further state review is available) but procedurally defaulted (because they were never presented to the state appellate court), and may not be considered by the federal court on habeas review unless Smith demonstrates both cause for the procedural default and actual prejudice resulting from the alleged constitutional errors. *See Keeney v. Tamayo–Reyes*, 504 U.S. 1, 8, 112 S. Ct. 1715, 118 L.Ed.2d 318 (1992) (failure to develop facts in state court constitutes procedural default, subject to *Coleman' s* cause-and-prejudice standard), *superceded in other part by statute,* 28 U.S.C. 2254(e)(2) (1996).

Smith asserts that the procedural default of his claims should be excused by *Martinez*. The court understands the petitioner to be asserting that *Martinez* excuses the default because post-conviction counsel was ineffective for failing to present the claims in the post-conviction appeal. As stated earlier, however, *Martinez*, only excuses a default where post-conviction counsel was ineffective for failing to raise a substantial claim of ineffective assistance of trial counsel. *See*

7

*Martinez*, 132 S. Ct. at 1318. *Martinez* does not provide a basis for overcoming a default resulting from the ineffective assistance of post-conviction counsel *during the appeal*. Thus, the court finds that Smith's motion for relief from judgment under Federal Rule of Civil Procedure 60(b) based on *Martinez* will be denied.

The court further finds that the petitioner is not entitled to relief on the basis of these claims because, even assuming that *Martinez* applies and that the defaulted claims are sufficiently "substantial," the petitioner has failed to show how he was prejudiced by the alleged failures of counsel. More specifically, while the petitioner argues that counsel failed to properly investigate the case, he does not suggest what additional evidence might have been uncovered if counsel had performed further investigation, or how such evidence might have aided the petitioner's case. He claims that trial counsel was ineffective because he did not visit the crime scene, but he does not suggest what evidence beneficial to his defense that counsel would have uncovered had he visited the scene.

Instead, the petitioner's motion to reopen focuses almost exclusively on the petitioner's claims that his trial counsel failed to interview lead detective Stan Hilgadick, that Smith's statement was not obtained properly, and that counsel failed to file a pre-trial motion to suppress statement. (Docket. No. 25 at p. 12). But the court already has determined that Smith exhausted these claims by fully litigating them on the merits in state court (Docket No. 9 at p. 4) and that the state courts' adjudication of these claims was consistent with federal law and a reasonable interpretation of the evidence (*id*. at p. 5). Having so determined, the court found that these claims did not support an award of habeas corpus relief. (*Id*.) When the petitioner sought to appeal the court's rejection of the claims, the Sixth Circuit denied a certificate of appealability.

8

In sum, Smith's Rule 60(b)(6) motion fails to provide sufficient grounds for granting relief from the judgment. His motion, therefore, will be denied. His motion for the appointment of counsel also will be denied.

## IV. Conclusion

For the reasons explained above, the petitioner's motion to reopen habeas proceedings, which the court construes as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), provides no grounds for relief. Therefore, the Rule 60(b) motion (Docket No. 25) will be denied. Smith's motion for the appointment of counsel (Docket No. 42) also will be denied.

An appropriate order will be entered.

*Todd Campbell*
Todd J. Campbell
United States District Judge